**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | F21 Puerto Rico, LLC |

| | | |
|---|---|---|
| **2.** | **All other names debtor used in the last 8 years** <br><br> Include any assumed names, trade names and *doing business as* names | Forever 21 |

| | | |
|---|---|---|
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | 84–4635906 |

**4.** **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 110 East 9th Street <br> Suite A500 <br> Los Angeles, CA 90079 <br> Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| Los Angeles <br> County | **Location of principal assets, if different from principal place of business** <br><br> Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| **5.** | **Debtor's website (URL)** | www.forever21.com |

**6.** **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | F21 Puerto Rico, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

**A.** *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**4481 (Clothing Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.    **See Attachment 1 for additional information.**

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No ☒ Yes.

| | Debtor | **See Attachment 2** | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

| Debtor | F21 Puerto Rico, LLC | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

**11. Why is the case filed in *this district?***    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

     What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
     Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

       Contact name _____

       Phone _____

---

**▋ Statistical and administrative information**

**13. Debtor's estimation of available funds**      *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☒ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

**(on a consolidated basis)**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor      F21 Puerto Rico, LLC _____     Case number (*if known*) _____
Name

| Request for Relief, Declaration, and Signatures |

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 16, 2025**
_____
MM / DD / YYYY

**X**    **/s/ Stephen Coulombe** _____     **Stephen Coulombe** _____
Signature of authorized representative of debtor          Printed name

Title    **Co-Chief Restructuring Officer** _____

**18. Signature of attorney**

**X**    **/s/ Andrew L. Magaziner** _____     Date   **March 16, 2025** _____
Signature of attorney for debtor                                    MM / DD / YYYY

**Andrew L. Magaziner** _____
Printed name

**Young Conaway Stargatt & Taylor, LLP** _____
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801** _____
Number, Street, City, State & ZIP Code

Contact phone   **(302) 571-6600** _____     Email address    **amagaziner@ycst.com** _____

**5426 Delaware** _____
Bar number and State

### ATTACHMENT 1

On September 29, 2019, Forever 21, Inc., Alameda Holdings, LLC, Forever 21 International Holdings, Inc., Forever 21 Logistics, LLC, Forever 21 Real Estate Holdings, LLC, Forever 21 Retail, Inc., Innovative Brand Partners, LLC, and Riley Rose, LLC (the **2019 Debtors**") commenced voluntary cases (Case Nos. 19-12122 (KG), 19-12123 (KG), 19-12124 (KG), 19-12125 (KG), 19-12126 (KG), 19-12127 (KG), 19-12128 (KG), 19-12129 (KG), respectively, the "**2019 Chapter 11 Cases**") under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  The cases were procedurally consolidated and jointly administered under Case No. 19-12122 (KG).[1]  Substantially all of the 2019 Debtors' assets were acquired by Debtor F21 OpCo, LLC during the 2019 Chapter 11 Cases.

---

[1] On February 18, 2020, the 2019 Chapter 11 Cases were transferred to the Honorable Mary F. Walrath for all further proceedings and dispositions.  *See* D.I. 947.

## ATTACHMENT 2

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "**Debtors**") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Debtor F21 OpCo, LLC.

| Debtor | Employer Identification Number |
|---|---|
| F21 OpCo, LLC | 84-4488773 |
| F21 Puerto Rico, LLC | 84-4635906 |
| F21 GiftCo Management, LLC | 86-3286412 |

**Fill in this information to identify the case:**

Debtor name   F21 OPCO, LLC, *et al.*

United States Bankruptcy Court for the:  District of Delaware
                                                                (State)

Case number (If known):   _____

☐ Check if this is an
   amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
                                                                                                      12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HANGZHOU QIDI FASHION APPAREL CO LTD JULIE DENG ROOM 102, BLOCK A, 1 BLDG, JINGWEI INTERNATIONAL CREATIVE PARK, 279# SHIQIAO RD XIACHENG DISTRICT HANGZHOU, 310000 CHINA | JULIE DENG PHONE: +86-57188193501 FAX: +86-57188193567 EMAIL: JULIE@HZBRIGHTFASHION.COM | TRADE | | | | $11,497,512.75 |
| 2 | C & C NANTONG CATHAY CLOTHING CO LTD ALICE NO.999, PINGCHAO TOWN, TONGZHOU ROOM 1603, NO.33 GONGNONG ROAD NANTONG, 226100 CHINA | ALICE PHONE: +86-13906293660 FAX: +86-51381180005 EMAIL: ALICE@CATHAYCLOTHING.COM | TRADE | | | | $11,108,937.02 |
| 3 | NKM HOLDINGS LTD 11F, BONA INTERNATIONAL PLAZA, NO. 456 TAIKANG MIDDLE ROAD NINGBO, 315199 CHINA | PHONE: +86-574-87857878 FAX: +86-57487857871 EMAIL: NKM@NKM.CN | TRADE | | | | $10,746,471.53 |
| 4 | KISOO K TRADING CO LTD JAKE #5TH FL, JAEYOUNG BLDG 63, NONHYEON-RO 31-GIL SEOCHO-GU, 06745 SOUTH KOREA | JAKE PHONE: +82-7070988787 FAX: +82-220887040 EMAIL: JAKE@KISOO1.CO.KR | TRADE | | | | $10,180,928.57 |

Debtor    F21 OPCO, LLC, _et al._
      Name

Case number (if known) _____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | LEUKON INC KS AHN(LK) SEONGSU HYUNDAI TERRACE TOWER, EAST 15F, YEONMUJANG 5GA-GIL SEONGDONG-GU, SOUTH KOREA | KS AHN(LK) PHONE: +82-1088881193 FAX: +82-25651805 EMAIL: KSAHN@LEUKON.CO.KR | TRADE | | | | $10,016,172.80 |
| 6 | JIANGYIN KENADI INTERNATIONAL TRADE CO LTD SERENA KIM ROOM 432, BUILDING1, NO2, BINJIANG WEST RD SHANGHAI, 07072 CHINA | SERENA KIM PHONE: +86-13917663967 EMAIL: SERENA@GND-CHINA.COM | TRADE | | | | $9,149,317.94 |
| 7 | MANREN HK ENTERPRISE LIMITED RM D 10/F TOWER A BILLIO N CTR 1 WANGKWONG RD KOWLOON BAY KL HONG KONG, 999077 HONG KONG | PHONE: +86-2151695866 FAX: +86-2151761380 EMAIL: DOCUMENT_SH@MANREN-SH.COM | TRADE | | | | $7,014,039.99 |
| 8 | KNF INTERNATIONAL CO LTD HEONGSAM MA 408, SAMSEONG-RO, GANGNAM-GU SEOUL, 06185 SOUTH KOREA | HEONGSAM MA PHONE: +82-25501442 FAX: +82-25666880 EMAIL: SAMMA@KNF-INTERNATIONAL.COM | TRADE | | | | $6,992,103.90 |
| 9 | CFH FASHION INC ANDY WANG 625 S BERENDO ST #403 LOS ANGELES, CA 90005 | ANDY WANG PHONE: 390-629-3660 FAX: +86-51368716720 EMAIL: ANDYWANG@CFHFASHION.COM | TRADE | | | | $5,319,590.33 |
| 10 | NANTONG Z & Z GARMENT CO LTD CAO YUHUA NO.54,55, XI CHAN SI CUN, XITING TOWN, TONGZHOU DISTRICT NANTONG CITY, CHINA | CAO YUHUA PHONE: +86-51386111728 FAX: +86-051386515308 EMAIL: MICHAEL@ZZ-GARMENT.COM | TRADE | | | | $4,974,988.70 |
| 11 | SHAOXING LANKOU TRADING CO LTD WANG WEIGUO ROOM 1803, BUILDING 3, GOLDEN TIMES MANSION, YUECHENG DISTRICT SHAOXING CITY, 312000 CHINA | WANG WEIGUO PHONE: +86-13306756727 FAX: +86-57588037111 EMAIL: WANGWG@TIANYULTD.COM | TRADE | | | | $4,881,548.52 |

Debtor    F21 OPCO, LLC, *et al.*                                Case number *(if known)* _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | NANTONG D & J FASHION CO LTD JESSICA QIU 5TH FLOOR, BUILDING NO.3, NO.385 GUOQIANG ROAD. NANTONG CITY NANTONG, CHINA | JESSICA QIU PHONE: +86-51355081666 FAX: +86-513-55082810 EMAIL: JESSICA@DJFASHION.COM.CN | TRADE | | | | $4,438,493.22 |
| 13 | SHANGHAI TOEX INTERNATIONAL TRADING CO LTD LI GE BIN FLOOR 5, BUILDING 6, NO. 67 ZHUJIN ROAD, SONGJIANG DISTRICT, SHANGHAI SHANGHAI, 201615 CHINA | LI GE BIN PHONE: +86-13917724425 EMAIL: JOSH@TOEX.CN | TRADE | | | | $4,199,957.81 |
| 14 | SHANGHAI FEI CHUAN IMP & EXP CORP MEEHUA FL18 NO.85 LOUSHANGUAN ROAD ROOM 312. NO. 25 BUILDING, 664 XIN HUA ROAD SHANGHAI, 200052 CHINA | MEEHUA PHONE: +86-02165350735 EMAIL: MEEHUA.P@SNMINDUSTRY.COM | TRADE | | | | $4,135,133.39 |
| 15 | GRAND APPARELS DESIGNS LIMITED HELEN LIU ROOM 807, HARBOUR CRYSTAL CENTRE, 100 GRANVILLE ROAD TSIM SHA TSUI EAST, 100HKG HONG KONG | HELEN LIU PHONE: +852-23688666 FAX: +85-223688669 EMAIL: HELEN.LIU@GRANDSTEP.CN | TRADE | | | | $4,121,748.27 |
| 16 | QINGDAO HORIZON TRADING CO LTD GRACE NO. 4 PINGXIANG ROAD, SHIBEI DISTRICT QINGDAO, CHINA | GRACE PHONE: +86-53284971075 EMAIL: GRACE@QDHORIZON.COM | TRADE | | | | $3,738,236.54 |
| 17 | HONG KONG BUTTERFLY LIMITED HE JUAN UNIT 04, 7/F BRIGHT WAY TOWER NO. 33 MONG KOK ROAD KOWLOON, 852 HONG KONG | HE JUAN FAX: +85-057584624761 EMAIL: JIAJIA@YIDIEGARMENT.COM | TRADE | | | | $3,372,941.71 |
| 18 | WEIHAI HILOW IMP & EXP CO LTD WEIGON ZHAO ROOM 1409 NO 268-2 SHICHANG RD WEIHAI, 264200 CHINA | WEIGON ZHAO PHONE: +86-63199509 EMAIL: WEIGON.ZHAO@HILOW.COM.CN | TRADE | | | | $3,126,911.90 |

Debtor ___F21 OPCO, LLC, *et al.*_____        Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 CREATEX HOLDINGS LIMITED ALISON WU BUILDING #6~7, TIANKOU INDUSTRIAL ZONE, HUANGTIAN, HANGCHENG, BAOAN DISTRICT SHENZHEN, CHINA | ALISON WU PHONE: +852-25237012 FAX: +86-75527507734 EMAIL: ALISONWU@ZHENGXINFASHION.COM | TRADE | | | | $2,842,782.18 |
| 20 YOUNG PLUS TRADING HK CO LTD GAO DOU FENG 419 ROOM, QIAOXING BUILDING NO.33 XINGNAN ROAD PANYU DISTRICT GUANGZHOU, CHINA | GAO DOU FENG PHONE: +86-18606411111 FAX: +86-2034330298 EMAIL: GAODOUFENG@BONGLIMTRADING.COM | TRADE | | | | $2,668,247.90 |
| 21 SNOGEN GREEN LTD SNOGEN GREEN CO.,LTD 13F, (SEOCHO-DONG, GANGNAM BLDG.,) 396, SEOCHO-DAERO SEOCHO-GU, 06619 SOUTH KOREA | SNOGEN GREEN CO.,LTD PHONE: +82-264966400 FAX: +82-264966480 EMAIL: FOREVER21@SNOGENGREEN.COM | TRADE | | | | $2,653,954.64 |
| 22 O & K INC DBA ONE CLOTHING HENRY LEE 2121 E. 37TH ST LOS ANGELES, CA 90058 | HENRY LEE PHONE: 323-846-5700 FAX: 323-846-5832 EMAIL: HENRY.LEE@ONECLOTHING.COM | TRADE | | | | $2,493,333.34 |
| 23 BONA INDUSTRIAL CO LIMITED YIN ZHENGWAN 11/F CAPITAL CENTRE 151 GLOUCESTER ROAD WANCHAI HONG KONG, 999077 HONG KONG | YIN ZHENGWAN PHONE: +86-2151761381 FAX: +85-230137332 EMAIL: YINZHENGWAN@LINSHENG.SH.CN | TRADE | | | | $2,344,086.53 |
| 24 NEW CENTURY TEXTILES LTD CATER RM 502-503, NO.3 BLDG,LEGEND COMMERCIAL PLAZA, LANE 3599, QIXIN ROAD SHANGHAI, 201101 CHINA | CATER PHONE: +86-213496385 FAX: +86-2154225780 EMAIL: CATER@NEWCENTURYTEXTILES.COM | TRADE | | | | $2,256,660.88 |
| 25 GUANGZHOU HONG YING DA CLOTHING CO LTD SILVIA WEN 1/F 3/F NO.1 BUILDING3 NO. 14 LIXIN 12 ROAD ZENGCHENG GUANGZHOU, 511340 CHINA | SILVIA WEN PHONE: +86-02062287968 EMAIL: SILVIA@HONGYINGDA.NET | TRADE | | | | $2,249,277.02 |

Debtor    F21 OPCO, LLC, *et al.*
          Name

Case number *(if known)* _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | DENIM & BEYOND LLC CEO DENIM 3422 HILLDALE PT SAN ANTONIO, TX 78261 | CEO DENIM PHONE: 302-232-4488 EMAIL: CEO@DENIMBEYOND.COM | TRADE | | | $2,200,011.43 |
| 27 | GLOBAL FASHION RESOURCE INC DBA SSS CLOTHING MICHAEL KIM 3315 S BROADWAY LOS ANGELES, CA 90007 | MICHAEL KIM PHONE: 213-973-5941 FAX: 213-973-5944 EMAIL: MICHAEL@SSSCLOTHING.COM | TRADE | | | $2,044,437.73 |
| 28 | NINGBO LONG LAN FASHION GARMENT INC PETER CHEN NO.6 HUATIANFAN, CHUNHU TOWN, FENGHUA DISTRICT NINGBO, 315506 CHINA | PETER CHEN PHONE: +86-57488985209 FAX: +86-57488985201 EMAIL: PETER@LONGLANFS.COM | TRADE | | | $1,821,443.85 |
| 29 | GOOGLE INC. 1600 AMPHITHEATRE PARKWAY MOUNTAIN VIEW, CA 94043 | FAX: 650-253-0001 EMAIL: COLLECTIONS@GOOGLE.COM | SERVICE PROVIDER | | | $1,782,162.99 |
| 30 | NINGBO ORIENT HONGYE IMP & EXP INC JILLY YANG NO.97 WUJIA ROAD, SEDUNO BUILDING, HENGTONG PLAZA, HAISHU DISTRICT, NINGBO SHANGHAI, 201103 CHINA | JILLY YANG PHONE: +86-2161031555 FAX: +86-2161031599 EMAIL: JILLY@ORIENT-HONGYE.COM | TRADE | | | $1,693,531.73 |

**OMNIBUS ACTION TAKEN BY WRITTEN CONSENT**
**OF THE BOARD OF MANAGERS OF:**
**F21 OPCO, LLC;**

**AND THE**
**SOLE MEMBER OF EACH OF:**

**F21 PUERTO RICO, LLC**
**F21 GIFTCO MANAGEMENT, LLC**

March 14, 2025

**WHEREAS**, (i) F21 OpCo, LLC ("*F21 OpCo*"), a Delaware limited liability company, is managed by a Board of Managers (the "*Board*"); (ii) each of the following are managed by its sole member, F21 OpCo (the "*OpCo Member*"): F21 Puerto Rico, LLC ("*F21 PR*"), a Delaware limited liability company; and F21 Giftco Management, LLC ("*F21 Giftco*"), a Tennessee limited liability company;

**WHEREAS**, F21 OpCo, F21 PR, F21 Giftco, are referred to collectively herein as the "*F21 Companies*;"

**WHEREAS**, each of the Board and the OpCo Member are referred to herein collectively as the "*Governing Bodies*" and each individually as the "*Governing Body*" with respect to its applicable F21 Company;

**WHEREAS**, each Governing Body has reviewed and considered the financial and operational condition of their respective F21 Company and of the F21 Companies as a whole, including (which word, for all purposes of these resolutions, shall be interpreted to be followed by the words, "without limitation") the historical performance of the F21 Companies, the assets of the F21 Companies, the current and long-term liabilities of the F21 Companies, and relevant industry and credit market conditions, and have considered various alternatives in respect of such matters;

**WHEREAS**, each Governing Body has received, reviewed, and considered the recommendations of, and the materials presented by, the senior management of its applicable F21 Company and such F21 Company's legal, financial, and other outside professional advisors as to the financial condition of the F21 Companies and the relative risks and benefits of pursuing a case under the provisions of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*");

**WHEREAS**, each Governing Body reasonably believes that its applicable F21 Company's pursuing a case under the Bankruptcy Code on a coordinated basis with the other F21 Companies is expected to preserve more value for such F21 Company and its stakeholders than any other available alternative;

**WHEREAS**, as required under Section 7.03(g) of that certain Fourth Amended and Restated Limited Liability Company Agreement of F21 OpCo, dated January 14, 2025, SPARC Group Holdings LLC has consented to the filing of a petition for relief under the provisions of the Bankruptcy Code;

**WHEREAS**, having determined that the following actions are desirable and in the best interests of the F21 Companies and their stakeholders, the Governing Bodies of the F21 Companies previously resolved on January 15, 2025, to (i) authorize F21 OpCo to enter into an agreement (the "***CRO Agreement***"), on behalf of itself and certain of its subsidiaries, with Berkeley Research Group, LLC ("***BRG***") in order for BRG to make its personnel available to provide certain management services to the F21 Companies, (ii) create the office of Chief Restructuring Officer of F21 OpCo (the "***CRO***"), and (iii) appoint each of Mr. Stephen Coulombe and Mr. Michael Brown as a CRO (together, the "***co-CROs***");

**WHEREAS**, the intention of each Governing Body with respect to its applicable F21 Company is to (i) use the Bankruptcy Code to implement an orderly wind down of its business and liquidation of its assets to maximize value for the benefit of each F21 Company's stakeholders while continuing to market their business to third parties on a going concern basis, and (ii) seek the use of cash collateral to fund such process;

**WHEREAS**, the Governing Bodies have reviewed and considered the F21 Companies' need to undertake the transactions set forth in that certain Plan Support Agreement (the "PSA") and have determined that it is in the best interests of each F21 Company, its creditors as a whole, and other parties in interest for the F21 Companies to enter into the PSA;

**WHEREAS**, the Governing Bodies have reviewed and considered the need for Authorized Persons (as defined below) to take further actions to carry out the intent and purpose of the following resolutions, perform the obligations of each F21 Company under the Bankruptcy Code, and pay fees and expenses in connection with the transactions contemplated by the below resolutions; and

**WHEREAS**, the Governing Bodies have reviewed and considered certain actions that may have previously been taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any F21 Company in connection with or related to the matter set forth in the below resolutions;

**NOW, THEREFORE, IT IS:**

**1.  Entry into Plan Support Agreement**

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby determines that it is desirable and in the best interest of each such F21 Company, its creditors, and other parties in interest, that each F21 Company shall be, and hereby is, authorized to enter into the PSA, by and among each F21 Company and certain consenting creditors substantially in the form presented to the applicable Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Person (as defined herein) of each F21 Company executing the same shall approve, such approval

conclusively evidenced by such Authorized Person's execution and delivery thereof; and be it further

RESOLVED, that the Authorized Person be, and hereby is, authorized and empowered to enter into, on behalf of each F21 Company, the PSA, and to take any and all actions necessary or advisable to advance such F21 Company's rights and obligations therein, and in connection therewith, the Authorized Person, with power of delegation, is hereby authorized and directed to execute the PSA on behalf of such F21 Company and to take all necessary actions in furtherance of consummation of such agreement's terms; and be it further

## 2. **Bankruptcy Resolutions**

### a. *Chapter 11 Filings*

RESOLVED, that each Governing Body, acting with respect to its applicable F21 Company, hereby determines that it is desirable and in the best interests of such F21 Company, its creditors as a whole, and other parties in interest that such F21 Company file a voluntary petition for relief (the "***Petition***" and, together with the similar petitions by all other F21 Companies, the "***Petitions***") and commence a case (collectively, the "***Bankruptcy Cases***") under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***"); and be it further

RESOLVED, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes, directs, and empowers any officer or other authorized person of any of the F21 Companies, including the co-CROs (each, an "***Authorized Person***"), acting in the name and on behalf of such F21 Company, to (i) execute and verify the Petition as well as all other ancillary documents, and to cause the Petition to be filed with the Bankruptcy Court, and to make or cause to be made prior to the execution thereof, any modifications to the Petition or ancillary documents, and to (ii) execute, verify, and file or cause to be filed all of the petitions, schedules, lists, and other motions, objections, replies, applications, and other papers or documents advisable, appropriate, convenient, desirable, or necessary in connection with the foregoing; and be it further

RESOLVED, that in connection with the filing of the Petitions, each Governing Body, acting with respect to its applicable F21 Company, hereby (i) authorizes and directs the Authorized Persons, in the name and on behalf of such F21 Company, to engage in discussions and negotiations with all stakeholders in order to prosecute the Bankruptcy Cases, (ii) authorizes, adopts, and approves the form, terms, and provisions of, and is hereby authorized and empowered to file with the Bankruptcy Court any motions, pleadings, and any other documents to be performed or agreed to by such F21 Company that are reasonably necessary for prosecution of and in connection with the proceedings of the Bankruptcy Cases (collectively, the "***Ancillary Documents***"), and (iii) authorizes and directs the Authorized Persons, in the name and on behalf of such F21 Company, to execute and deliver (with such changes, additions, and modifications thereto as the Authorized Persons executing the same shall approve, such approval to be conclusively evidenced by such Authorized Persons' execution and delivery thereof) each of the Ancillary Documents to which such F21 Company is a party and, upon the execution and delivery thereof by each of the other parties thereto, cause such F21 Company to perform its obligations thereunder; and be it further

### b. *Retention of Professionals*

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ certain individuals and/or firms as counsel, professionals, consultants, accountants, restructuring advisors, or financial advisors to such F21 Company as such Authorized Person, or any one of them, may deem advisable, appropriate, convenient, desirable, or necessary to represent and assist such F21 Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to the filing of the Petition, and to cause to be filed appropriate applications for authority to retain the services of such individuals and firms; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP ("**Paul, Weiss**") to represent such F21 Company as special corporate and finance counsel, and to employ the law firm of Young Conaway Stargatt & Taylor, LLP ("**YCST**") to represent such F21 Company as chapter 11 counsel and to represent and assist such F21 Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such F21 Company's rights, including the preparation of pleadings and filings in the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of Paul, Weiss and YCST; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ BRG to represent such F21 Company and provide consulting services to such F21 Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of BRG; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ Verita Global (the "**Claims Agent**") to represent such F21 Company and provide notice and claims agent services to such F21 Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the

services of the Claims Agent; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ SSG Capital Advisors, LLC (the "***Investment Banker***") to represent such F21 Company and provide investment banking services to such F21 Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed an appropriate application for authority to retain the services of the Investment Banker; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

**RESOLVED**, that each Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each Authorized Person, in the name and on behalf of such F21 Company, to employ Hilco Merchant Resources, LLC, Gordon Brothers Retail Partners, LLC, and SB360 Capital Partners, LLC (the "***Store Closing Advisors***") to represent such F21 Company and provide liquidation advisory services to such F21 Company with regard to the Bankruptcy Cases; and in connection therewith, the Authorized Persons be, and each of them hereby is, authorized and directed, in the name and on behalf of such F21 Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Petition, and to cause to be filed a motion seeking authority to assume that certain Second Amendment to Letter Agreement, dated as of February 12, 2025, with the Store Closing Advisor; provided, that any prior actions taken in connection therewith are hereby ratified in their entirety; and be it further

## 3. Cash Collateral and Liquidation Process

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable F21 Company, hereby determines that such F21 Company will obtain benefits from the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "***Cash Collateral***"), which is security for certain prepetition secured lenders and noteholders (collectively, the "***Secured Parties***") party to (i) that certain ABL Credit Agreement, dated as of December 6, 2024, by and among Penney Holdings LLC, as lead administrative borrower, Wells Fargo Bank, National Association, as administrative agent, and the guarantors party thereto from time to time, (ii) that certain Term Loan Credit Agreement, dated as of December 6, 2024, by and among Penney Holdings LLC, as lead administrative borrower, Pathlight Capital LP, as administrative and collateral agent, and the guarantors party thereto from time to time, and (iii) that certain Subordinated Loan Credit Agreement, dated as of December 19, 2024, by and among Penny Holdings LLC, as lead administrative borrower, Simon Blackjack Consolidated Holdings, LLC, as administrative and collateral agent, and the guarantors party thereto from time to time; and be it further

**RESOLVED**, that, each applicable Governing Body acting with respect to its applicable F21 Company, hereby authorizes and directs each of the Authorized Persons to (i) negotiate, execute, and deliver agreements, if applicable, for the use of cash collateral in

connection with the Bankruptcy Cases on terms substantially similar to those described or provided (or to be described or provided) to the Board; (ii) pledge and grant liens on the F21 Company's assets as may be contemplated by or required under the terms of such cash collateral use; or (iii) execute, deliver, verify, and/or file, or cause to be filed and/or executed, delivered, or verified, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as the Authorized Persons may approve, and to take any and all actions that the Authorized Persons determine advisable, necessary, or appropriate in connection with any postpetition cash collateral usage contemplated hereby or thereby (such approval and the approval of the Board to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Persons); and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable F21 Company, hereby determines that, to use and obtain the benefits of the Cash Collateral, and in accordance with sections 363 and 364 of the Bankruptcy Code, such F21 Company will provide certain adequate protection to the Secured Parties (the "***Adequate Protection Obligations***"), and authorizes and directs such F21 Company, as debtor and debtor in possession under the Bankruptcy Code, and each of the Authorized Persons, to negotiate and incur the Adequate Protection Obligations and to undertake any and all related transactions as in his or her reasonable discretion is determined to be necessary, desirable, or appropriate in connection with providing such adequate protection; and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable F21 Company, hereby authorizes, adopts, and approves the form, terms, and provisions of the proposed order authorizing, among other things, the F21 Companies' use of the Cash Collateral (the "***Interim Cash Collateral Order***") to which such F21 Company is or will be subject and the actions and transactions contemplated thereby, and each Authorized Person be, and hereby is, authorized and empowered, in the name of and on behalf of such F21 Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such F21 Company is or will be a party, including any security and pledge agreement or guaranty agreement, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to such Governing Body on or prior to the adoption of this resolution, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof; and be it further

**RESOLVED**, that each applicable Governing Body, acting with respect to its applicable F21 Company, hereby authorizes and directs each of the Authorized Persons, in the name and on behalf of such F21 Company, to take all such further actions, including to pay or approve the payment of appropriate fees and expenses payable in connection with the Adequate Protection Obligations and appropriate fees and expenses incurred by or on behalf of such F21 Company, which shall be in their sole judgment necessary, proper, or advisable to perform any of such F21 Company's obligations under or in connection with the Interim Cash Collateral Order, any other documents related to the provision of adequate protection, or any of

the other ancillary documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it further

   **RESOLVED**, that, in the judgment of the Governing Body of each F21 Company, it is desirable and in the best interest of each such F21 Company, its creditors, and other parties in interest that each such F21 Company use the Bankruptcy Cases to implement an orderly wind down of its business and liquidation of its assets; and be it further

   **RESOLVED**, that, each applicable Governing Body acting with respect to its applicable F21 Company, hereby authorizes and directs each of the Authorized Persons to continue store closing sales to liquidate all of the F21 Companies' retail and wholesale inventory and locations; and be it further

   **RESOLVED**, that, each applicable Governing Body acting with respect to its applicable F21 Company, hereby authorizes and directs each of the Authorized Persons to make, execute, file, and deliver any and all consents, certificates, documents, instruments, amendments, papers, or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Persons to be deemed conclusive evidence of the approval by the applicable F21 Company of the terms, provisions, and conditions thereof; and be it further

   **RESOLVED**, that any and all past actions heretofore lawfully taken by any Authorized Person, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the applicable F21 Company, or the Governing Body, in the name and on behalf of the applicable F21 Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted, and approved in all respects; and be it further

   **4. General**

   **RESOLVED**, that each of the Authorized Persons be, and each of them individually hereby is, authorized, directed, and empowered from time to time in the name and on behalf of each F21 Company, to (i) take such further actions and execute and deliver such certificates, instruments, guaranties, notices, and documents as may be required or as such Authorized Person or any one of them may deem advisable, appropriate, convenient, desirable, or necessary to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements, and the like, (ii) perform the obligations of each F21 Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by such F21 Company, and (iii) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and be it further

**RESOLVED**, that all actions previously taken by any director, officer, employee, manager, member, stockholder, general partner, or agent of any F21 Company in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of such F21 Company.

[*Signature pages follow*]

**IN WITNESS WHEREOF**, the undersigned, being all of the members of the Board of Managers of F21 OpCo, LLC, have executed this consent as of the date first set forth above.

**BOARD OF MANAGERS OF F21 OPCO, LLC:**

Signed by:

Scott Vogel

—— 7F05CED1CE7140C…

Scott Vogel

DocuSigned by:

Paul Aronzon

—— 029DAA6CE23D465…

Paul Aronzon

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

**IN WITNESS WHEREOF**, the undersigned, being the sole member of each of the entities set forth below, has executed this consent as of the date first set forth above.

**IN ITS CAPACITY AS THE SOLE MEMBER OF EACH OF:**

F21 PUERTO RICO, LLC

F21 GIFTCO MANAGEMENT, LLC

**F21 OPCO, LLC**

DocuSigned by:

*Michael Brown*

C3AEE02395964E5

By:    Michael Brown
Title:  Authorized Signatory

**ACKNOWLEDGED AND CONSENTED TO
WITH RESPECT TO:**

F21 PUERTO RICO, LLC

F21 GIFTCO MANAGEMENT, LLC

F21 OPCO, LLC

**SPARC GROUP HOLDINGS LLC:**

By:    Colette Stanford
Title:  Chief Legal Officer and Secretary

SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| F21 OPCO, LLC, *et al.*,[1] | Case No. 25-_____ (___) |
| Debtors. | (Joint Administration Requested) |

### CONSOLIDATED CORPORATE OWNERSHIP
### STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, F21 OpCo, LLC and its debtor affiliates as debtors in possession (collectively, the "**Debtors**") in the above-captioned chapter 11 cases, hereby state as follows:

1. The mailing address of Debtor F21 OpCo, LLC ("**F21 OpCo**") and each of its subsidiaries is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.  F21 OpCo is a wholly-owned subsidiary of SPARC Group Holdings LLC.

2. Debtors F21 Puerto Rico, LLC and F21 GiftCo Management, LLC are each wholly-owned by F21 OpCo.

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: F21 OpCo, LLC (8773); F21 Puerto Rico, LLC (5906); and F21 GiftCo Management, LLC (6412).  The Debtors' address for purposes of service in these chapter 11 cases is 110 East 9th Street, Suite A500, Los Angeles, CA 90079.

**Fill in this information to identify the case:**

Debtor name    **F21 OpCo, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒ Other document that requires a declaration    **Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **March 16, 2025**     X /s/ Stephen Coulombe
                                            Signature of individual signing on behalf of debtor

                                            **Stephen Coulombe**
                                            Printed name

                                            **Co-Chief Restructuring Officer**
                                            Position or relationship to debtor

32950823.1